[Crim. No. 8482.   Second Dist., Div. Four.   May 14, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JUANITA JOSEPHINE SHEAD, Defendant and Appellant.

---

140

Walter L. Gordon, Jr., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence Tapper, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, Juanita Josephine Shead and Charles Lee Cooke were charged with abortion in violation of section 274 of the Penal Code. Pursuant to

jury waiver and stipulation of defendants and all counsel,

the cause was submitted to the court on the testimony contained in the transcript of the proceedings had at the preliminary hearing. Defendants were found guilty as charged, probation was denied and defendants were sentenced to prison for the term prescribed by law. Defendant Shead appeals from the judgment and denial of motion for new trial. Defendant Cooke's appeal was dismissed pursuant to California Rules of Court, rule 17 (a).*

Mrs. Joan Guerin testified after an order of court granting her immunity from prosecution. She related that she failed to have her menstrual period in either April or May 1961, and on June 7, 1961, believing herself to be pregnant she went to Dr. McNicholas. A pregnancy test was made confirming her suspicions.

Although in good health, she desired to terminate the pregnancy. The matter was discussed with her family and several friends. On June 23, as directed by a phone call from an unidentified man, she drove to the corner of Adams and Hauser in Los Angeles, accompanied by Mrs. Shirley Davis. They arrived at approximately 6:30 p.m. Shortly thereafter a white 1960 Chevrolet Impala pulled up. Mrs. Guerin asked the occupant of the car if her name was Juanita and she replied it was and asked Mrs. Guerin if she was Joan. Mrs. Guerin acknowledged she was Joan and stated she was afraid to have an abortion. Juanita replied that there was nothing to fear.

Mrs. Guerin and Mrs. Davis then entered Juanita's car and drove to the office of a Dr. Orange. In a restroom in this office Mrs. Guerin gave Juanita $325 in cash, the amount mentioned by the unidentified male caller. Juanita took the money and put it in a black patent leather purse she was carrying. No receipt was given. The three women then left the rest room and entered another room. Dr. Orange came in and approached Mrs. Guerin. He gave the appearance of having been drinking. Mrs. Guerin began to cry. Juanita told her not to be upset, that they would go to another doctor.

They left Dr. Orange's office and drove in Juanita's car to a professional building located at 4622 Central. They arrived between 7:30 and 8 p.m. and entered an office which had printed on its door "Dr. C. L. Cooke." Juanita left Mrs. Guerin and Mrs. Davis in the waiting room and went to another room. In about 15 minutes she returned and told Mrs.

*Formerly Rules on Appeal, rule 17 (a).

Guerin the doctor wished to see her. Mrs. Guerin entered the room and met Dr. Cooke. On his desk she saw a business card marked "Bill's Janitor Service." The name "Juanita Shead" was written on it. After relating to him the facts which led her to believe she was pregnant she was instructed to go to a certain room, and there to disrobe and put on a hospital gown. A nurse assisted her and then left when Dr. Cooke entered. She reclined on the table with her feet in stirrups. Cooke sat on a stool, positioning himself at her feet. He inserted a hard metallic instrument into her vagina. She testified that at first it felt as though she had been pricked by a pin, but then it felt like her "whole insides were coming out." A second instrument was inserted and her vagina was packed with gauze. Cooke gave her an injection and the "operation" was concluded. She rejoined Mrs. Davis and Juanita in the waiting room. As they left the office at approximately 9:15 p.m., Mrs. Davis handed her a card upon which was printed "Bill's Janitor Service" and the address "2301 Carmona Avenue, Los Angeles 16, California." It was her understanding Juanita had given the card to Mrs. Davis while they were in the waiting room. Juanita then drove back to Adams and Hauser where Mrs. Guerin's car was located.

Mrs. Guerin testified she took some castor oil that night as directed by Dr. Cooke. Early the next morning (June 24), she began to experience severe abdominal cramps and to spot heavily. Juanita called to ask how she was feeling and she told her about the spotting.

Mrs. Guerin further testified that the next day she removed the packing and a tube from her vagina. The spotting, however, continued. On June 26 she called Dr. McNicholas and told him she thought she had passed a fetus. At 5 p.m. she was admitted to Glendale Memorial Hospital. Because her temperature and white blood count rose and her blood pressure dropped, the hospital attendants, in order to save her life, performed a therapeutic abortion. She was kept in the hospital for eight days.

Mrs. Davis was granted immunity from prosecution by the court and ordered to testify. Her testimony substantiated that of Mrs. Guerin concerning the meeting with the woman who identified herself as "Juanita" and the visits to the two doctors' offices, excepting that she stated she could not positively identify defendant as the woman "Juanita" whom she

met on that occasion. She stated that when Mrs. Guerin gave Juanita $325, Juanita said she would give the money to Orange for the abortion.

She testified further that after Juanita left them in the waiting room of Dr. Cooke's office, she went into Cooke's office and in about 20 minutes returned and told them Cooke had been rather reluctant, but that "he would do it for her." Mrs. Guerin then entered Cooke's office. While they were waiting for her, Juanita removed a card from her purse marked "Bill's Janitor Service" and "2301 Carmona Avenue, Los Angeles 16, California," wrote her phone number on the card and handed it to Mrs. Davis. When Mrs. Guerin returned to the waiting room Mrs. Davis handed Mrs. Guerin the card.

Officer Brown testified he and Sergeant Mitchell went to a house located at 2301 Carmona Avenue and there arrested defendant Shead. They noticed a white 1960 Chevrolet Impala parked in the driveway. When placed under arrest, defendant Shead denied having aided anyone to obtain an abortion but admitted the Chevrolet in the driveway was hers. The officers found some cards on a dresser in the house marked "Bill's Janitor Service." Shead stated "Bill's Janitor Service" was a business operated by her husband from their home address.

Cooke was arrested the same morning. An examination of the contents of his wallet revealed a business card for "Bill's Janitor Service, 2301 Carmona Avenue, Los Angeles, California." Inked in was the name "Juanita Shead." Defendant neither testified in her own behalf nor offered any defense.

The single contention raised by defendant on appeal is that the evidence was insufficient to support the judgment because the abortee's testimony lacked the necessary corroboration. In support of this position, defendant relies primarily on the inability of Mrs. Davis to make a positive identification of defendant as being the female accomplice known as "Juanita."

Section 1108 of the Penal Code provides in part that the testimony of an abortion victim must be corroborated by "other evidence." Such evidence has been held to be sufficient if it ". . . tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the trier of fact that the witness who must be corroborated is telling the truth." (*People* v. *Vigil*, 179 Cal.App.2d 182,

186 [3 Cal.Rptr. 479]; see also *People* v. *Kendall*, 111 Cal. App.2d 204, 210 [244 P.2d 418].)

█ Furthermore, as stated in *People* v. *Wilson*, 25 Cal. 2d 341 [153 P.2d 720] at page 347, "So long as corroborating evidence creates more than a suspicion of guilt, it is sufficient even though it 'be slight and, when standing by itself, entitled to but little consideration.' [Citations.]"

█ In the case before us the following "other evidence" was presented corroborating the testimony of the abortee Mrs. Guerin:

Mrs. Davis testified the car driven by Cooke's accomplice was a white 1960 Chevrolet Impala. Defendant admitted owning such a car.

Mrs. Davis heard the woman driving the Impala call herself "Juanita." Defendant's first name is "Juanita."

A business card marked "Bill's Janitor Service" was found in Cooke's wallet at the time of his arrest. It bore not only defendant's name, but also her address. A similar card was given to Mrs. Davis by the accomplice.

Cards marked "Bill's Janitor Service" were found in defendant's bedroom at the time of her arrest. She subsequently admitted her husband operated "Bill's Janitor Service."

Unlike the case of *People* v. *Toney,* 192 Cal.App.2d 711 [13 Cal.Rptr. 756], cited by defendant, wherein the court held that without something more to connect the suspect with the crime the abortee's possession of the suspect's business card raised only a suspicion of guilt, here, there was further evidence outlined above lending significance to the cards.

In addition, the fact defendant did not testify in her own behalf could have been considered by the trial court as tending to indicate the truth of the testimony of the People's witnesses. █ While defendant's failure to testify ". . . does not constitute the corroboration required by the statute, it is nevertheless persuasive, lending weight to evidence presented by the prosecution upon matters presumptively within defendant's knowledge, and which if untruly stated would normally be denied by him." (*People* v. *Goldstein,* 136 Cal. App.2d 778, 790 [289 P.2d 581].)

█ The corroboration was sufficient. When considered apart from the testimony of Mrs. Guerin, it tended to con-

nect defendant with commission of the offense charged in a way which could reasonably satisfy the trier of fact Mrs. Guerin was telling the truth.

The judgment is affirmed; the purported appeal from the order denying defendant's motion for a new trial is dismissed.

Burke, P. J., and Kingsley, J., concurred.